**Gregoria Lima ZUNIGA, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72233.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2004.\*\*

Decided April 26, 2004.

Brian Thomas Nash, John T. Karnezis, Clifford Law Offices, P.C., Gregoria Lima Zuniga, Santa Barbara, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel,

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Richard M. Evans, Esq., Paul Fiorino, Esq., John S. Hogan, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM ***

Gregoria Lima Zuniga, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Lima Zuniga failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Lima Zuniga's reliance on two prior verbal threats by the guerrillas as evidence of past persecution is unavailing. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution).

Additionally, the IJ properly relied upon a State Department Country Report to determine that conditions in Guatemala have changed such that Lima Zuniga's fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003).

■ Because Lima Zuniga failed to establish eligibility for asylum, it follows that she failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

■ Lima Zuniga is not entitled to relief under the Convention because she did not demonstrate that it was more likely than not that she would be tortured if she returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, No. 03–70477, petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 363.